United States District Court
Southern District of Texas

**ENTERED**

November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Clean Energy, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-244 |
| | § | |
| Trillium Transportation Fuels, LLC, | § | |
| Trillium USA Company, LLC, | § | |
| Love's Travel Stops and Country | § | |
| Stores, | § | |
|     Defendants. | § | |

# Report and Recommendation

Clean Energy filed this lawsuit against Trillium Transportation Fuels, LLC, and Trillium USA Company, LLC, (collectively, Trillium) under the Defend Trade Secrets Act and the Computer Fraud and Abuse Act. Clean Energy alleged that Trillium induced two of Clean Energy's former employees to breach their contractual obligations by disclosing Clean Energy's confidential information and trade secrets, which Trillium used both to divert customers through competitive bidding and to develop new business opportunities. Clean Energy filed an amended complaint with leave of court to add Love's Travel Stops and Country Stores, Inc., (Love's Travel) as a defendant and to assert new allegations and claims based on information acquired through discovery.

Defendants filed a motion to dismiss the amended complaint, arguing that the applicable statutes of limitation bar the newly added claims. (120) In response, Clean Energy argues that the claims are timely under the discovery rule and the relation-back doctrine. The principal dispute presented here concerns when the newly added claims accrued. Both Defendants and Clean Energy cite materials outside the pleadings in support of their respective arguments.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *HSBC Bank USA, Nat'l Ass'n for Option One Mortg.*

*Loan Tr. 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 v. TFHSP, LLC*, CIVIL ACTION NO. 4:17-CV-542-ALM-CAN, 2017 WL 8727601, at *5 (E.D. Tex. Dec. 14, 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). The amended complaint here does not satisfy that condition. The allegations in the amended complaint do not conclusively establish that the claims are barred by the applicable statutes of limitations. Nor does the amended complaint make clear whether the discovery rule applies or whether the new claims relate back to the original complaint. Accordingly, the issues raised in the motion to dismiss are better resolved on summary judgment. *See id.* ("Where a statute of limitations defense raised in a motion to dismiss requires factual determinations and the evidence concerning those determinations is unclear, such an affirmative defense is properly considered at the summary judgment stage, when the parties' arguments can be considered along with competent summary judgment evidence."); Fed. R. Civ. P. 12(d) (requiring that the court treat a motion to dismiss as one for summary judgment when matters outside the pleadings are presented and considered by the court).

The court also notes that ruling on the motion to dismiss at this stage would not meaningfully narrow the issues for discovery or otherwise simplify the case. Thus, judicial economy is served by deferring consideration of the issues raised in the motion to dismiss.

The court recommends that the motion to dismiss be denied without prejudice to Defendants' right to raise the defense in a summary judgment motion to be filed later in the case with all other dispositive motions.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140,

147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).


Signed at Houston, Texas, on November _9_, 2020.

Peter Bray
United States Magistrate Judge

3